UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                    **Hon. Hugh B. Scott**

                v.

                                                    06CR236A

                                                      **Order**

EZZAT SOLIMAN,

                      Defendant.

Familiarity with the underlying facts of this case is presumed. Before the Court is defendant's <u>ex parte</u> application for subpoenas <u>duces tecum</u> to be served upon third parties, pursuant to Federal Rule of Criminal Procedure 17(c). Defendant intends to subpoena documents from Excellus and Univera in support of his pending motion to dismiss for prosecutorial vindictiveness (among other grounds) (Docket No. 37), seeking production of the sought items on December 11, 2008, and January 11, 2009 (<u>see</u> Subpoenas, Schedules A, B). Defendant seeks production of forty categories of documents responsive to his demands, mainly correspondence between the Government and Excellus or Univera regarding defendant and his billing practices. Categories in Schedule A are due December 11, 2008, parallel to the Government's production relative to the pending motion to dismiss while items in Schedule B are due one month later (<u>id.</u>). Defendant also submitted to Chambers a supporting memorandum of law. For a complete record, defendant is **ordered to file this memorandum and subpoenas and serve them upon the Government**. Defendant also intends to issue a similar subpoena

upon the Medicare Part B administrator. Given the pending motion to dismiss, no trial date has been set.

Defendant gives three reasons why he seeks these documents. He has been unable to obtain these documents from the Government in his discovery demands. First, he argues that the underlying claims that the Government alleges were "upcoded" were never produced to the grand jury. Defendant believes that the documents sought would establish whether the grand jury saw any of these claims. (Def. Memo. at 1.) Second, he argues in the estoppel portion of the pending dismissal motion that Univera and Excellus as Health Care Benefit Programs ("Programs") were obligated to educate defendant on billing standards, practices, and abnormalities. While a "statistical outlier" in his billing practices, defendant was never educated by the Programs. Hence defendant concludes that directives, guidelines and other documents regarding the Programs' educational functions are "essential evidence in any potential trial, just as it is essential to this pretrial motion" (id. at 1-2). Finally, he argues that the Government claims that it has not acknowledged receiving any documents from the Programs about defendant or (in particular) Excellus' efforts to obtain "unfettered access" to defendant's patient files. He contends that the correspondence between the Programs and the Government regarding defendant is necessary for his vindictiveness claim and to explore the motives of potential witnesses (id. at 2). Defendant, in part of his motion to dismiss, sought discovery prior to this Court ruling on the motion (Docket No. 37, Def. Corrected Motion II, ¶ 3).

DISCUSSION

Federal Rule of Criminal Procedure 17(c) provides

> "a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

Fed. R. Cr. P. 17(c)(1). This Court has considerable discretion in overseeing the subpoena process, 2 Charles A. Wright, Federal Practice and Procedure § 271, at 218 (Criminal 3d ed. 2000), and the Court must be satisfied that the Rule 17(c) subpoena applied for satisfies the rule, United States v. Nachamie, 91 F. Supp. 2d 552, 561 (S.D.N.Y. 2000). While subpoenas are usually used for compelling production of evidence for a trial, it can be used for compelling production to determine an issue of fact raised in a pretrial motion, see 2 Federal Practice and Procedure, supra, § 271, at 216-17 & n.10. Defendant, as the proponent of the subpoena, bears the burden of showing good cause for production before trial of the subpoenaed items, id. § 274, at 246.

Rule 17(c), however, is not a means of discovery, see Bowman Dairy v. United States, 341 U.S. 214, 220 (1951); United States v. Nixon, 418 U.S. 683, 698-99 (1974), despite the liberalized criminal discovery now allowed under Rule 16, cf. Bowman Dairy, supra, 341 U.S. at 219-20. Rule 17(c) is the criminal equivalent for subpoena practice under Federal Rules of Civil Procedure 45, see Nachamie, supra, 91 F. Supp. 2d at 561 (quoting Adv. Comm. Note, 1944 Adoption, Fed. R. Cr. P. 17). The subpoena is for producing materials for inspection prior to trial, "to expedite the trial by providing a time and place before trial for the inspection of

3

subpoenaed materials," Nixon, supra, 418 U.S. at 698-99 (emphasis in original)[1]; Nachamie, supra, 91 F. Supp. 2d at 561.

      The Supreme Court, in United States v. Nixon, recognized the standard for determining whether a criminal subpoena was unreasonable or oppressive and should be quashed, 418 U.S. at 698-700; see also Bowman Dairy, supra, 341 U.S. at 220; United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (Weinfeld, J.).  In summary, the party seeking production must show relevancy, admissibility, and specificity, Nixon, supra, 418 U.S. at 700, that the documents are evidentiary and relevant, that the materials are not otherwise procurable in advance of trial by the exercise of due diligence, that the party cannot properly prepare for trial without such production and inspection and the failure to obtain inspection may tend unreasonably to delay the trial, and that the application is made in good faith and not intended as a general "fishing expedition," id. at 699-700; see Iozia, supra, 13 F.R.D. at 338.  Although Nixon arose from the Government's subpoena of the President (an unindicted co-conspirator and non-party in that prosecution), the Court did not rule on the standard for issuing subpoenas upon non-parties, see also Nixon, supra, 418 U.S. at 699 n.12; Nachamie, supra, 91 F. Supp. 2d at 562.

      Judge Scheindlin of the United States District Court for the Southern District of New York applied a different standard for Rule 17(c) defense subpoenas issued upon non-parties.  In Nachamie and Tucker, Judge Scheindlin held that a defendant at the eve of trial seeking production "need only show that the request is (1) reasonable, construed as 'material to the defense,' and (2) not unduly oppressive for the producing party to respond," United States v.

---

[1] The Court also noted that the rule was intended for complex criminal cases to have the parties produce their respective documentary evidence well in advance of trial, Nixon, supra, 418 U.S. at 699 n.11.

Tucker, 249 F.R.D. 58, 66 (S.D.N.Y. 2008); see Nachamie, 91 F. Supp. 2d at 563, with the first element of materiality such that Rule 17(c) subpoenas are not used "as broad discovery devices, but must be reasonably targeted to ensure the production of material evidence," Tucker, supra, 249 F.R.D. at 66. Judge Scheindlin avoided the Nixon standard, in part, due to the inherent asymmetry of investigative resources the defense has as compared with the Government, to uphold defendant's Confrontation Clause rights but without completely overturning that asymmetry to require equality, id. at 63-64. In upholding the defense subpoena in Tucker, Judge Scheindlin held that defendant's request (made one day before trial) was not a "fishing expedition," but opined that the Government's argument that a similar request made six month before trial may be a fishing expedition, id. at 66.

     Defendant in his present application argues that the Nixon formulation should not apply to a defense application for a subpoena, that the less stringent test applied by Judge Scheindlin is the reasonableness of the request, that the items sought are material to the defense, and the request is not unduly oppressive for the producing party to respond (Def. Memo. at 4), see Nachamie, supra, 91 F. Supp. 2d at 563; Tucker, supra, 249 F.R.D. at 66, concluding that his application satisfies both tests (id. at 4-5, 6-7).

     Even applying the less stringent standard that defendant advocates, the items sought in the proposed subpoenas are not material either to the case or the pending motion. These subpoenas constitute a fishing expedition or discovery rather than production of evidence for pretrial inspection. What defendant seeks in the forty categories of documents are discovery requests. There is no trial date. Defendant's request for a subpoena before the trial date is set is premature, see United States v. Urlacher, 136 F.R.D. 550, 558 (W.D.N.Y. 1991) (Fisher, Mag.

5

J.), aff'd, 136 F.R.D. 550 (W.D.N.Y. 1991) (Telesca, J.). While a complex case would call for Rule 17(c) subpoenas to produce relevant materials from the parties, see Nixon, supra, 418 U.S. at 699 n.11, defendant seeks such production from non-parties.

Rule 17(c) subpoenas are for pretrial inspection of evidence, rather than gleaning materials that may lead to admissible evidence, cf. Fed. R. Civ. P. 26(b)(1) (civil discovery standard of production of materials that is reasonably calculated to lead to admissible evidence). Defendant's subpoena requests may be reasonable as discovery requests, but not as requests for pretrial inspection of evidentiary material (be it for trial or addressing factual issues in a dismissal motion). These subpoenas are akin to the potential fishing expedition six months before trial noted in contrast in Tucker, where the trial subpoena was sought a business day before trial, cf. Tucker, supra, 249 F.R.D. at 63-64, 66.

Although defendant claims that he "made every effort to avoid burdensomeness" (Memo. at 6), his requests read like a civil action document production request[2]. For example, the investigation categories in Schedule A ask in three different ways for Program-Government communications concerning defendant (Subpoena Sch. A, Nos. 3-6). The physician outreach section of that Schedule seeks the identity of the programs' network representatives, their job responsibilities and training, their contacts with Wyoming County physicians generally and defendant specifically (id., Nos. 11-16). In the monitoring and communications sections of the Schedule, defendant seeks policy statements regarding claims submission and billing practices (generally and involving defendant in particular) (id., Nos. 17-22). Next, he seeks (in the choice

---

[2]The definition of "document" in the subpoena refers to "electronically stored information" as defined in Federal Rule of Civil Procedure 34(a)(1), Subpoena, Attach. at 1.

of remedies section) documents involving whether the Programs consider various recovery methods from defendant (id., Nos. 23-26).  Defendant also wants to learn the Programs' electronic or manual record retrieval systems (id., Nos. 27-28) and to note any missing documents from the requests previously noted (id., No. 29; see also id., Sch. B., No. 40).  These latter requests seek means of finding additional documents or noting the destruction of documents responsive to other requests.  Schedule B, which the Programs have more time to respond to, address claims submitted by defendant (id., Sch. B, No. 30), claims processing (id., Nos. 31-33), audits (id., Nos. 34-39), and missing documents from these categories (id., No. 40).

As subpoenas to obtain trial evidence, they presently are **denied**.  This does not preclude possible pretrial inspection Rule 17(c) subpoenas closer to the trial date that seek to inspect evidentiary material.

As for his pending motion to dismiss, that motion seeks dismissal of the Indictment due to prosecution vindictiveness, estoppel, and grand jury defects.  That motion also sought discovery prior to submission of the motion (Docket No. 37, Def. Corrected Motion II, ¶ 3).  But a Rule 17(c) subpoena cannot be used for mere discovery.  Rule 17(c) subpoenas may be used to determine issues of fact raised in a pretrial motion.  The Court examined the pending motion to dismiss to determine what factual issues exist to warrant production of materials for defense examination, including the three issues raised by defendant to justify the subpoenas, whether the grand jury saw the claims documents, the Programs' education and training obligations toward physicians like defendant, and whether there was communication between the Government and the Programs concerning defendant.

Defendant has not met his burden of showing good cause for non-parties to make this production, either before trial (at this early date) or for argument of his motion to dismiss. Therefore, defendant's application for service of non-party subpoenas pursuant to Federal Rule of Criminal Procedure 17(c) is **denied**.

## CONCLUSION

For the reasons stated above, defendant's application for non-party subpoena <u>duces tecum</u> to be served upon Univera and Excellus is **denied**. Chambers shall return the original and copy of defendant's subpoenas and supporting papers.

So Ordered.

/s/ Hugh B. Scott<br>
Honorable Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
       November 25, 2008